Filed 7/13/26  P. v. Walker CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>PHILLIP WALKER,<br>        Defendant and Appellant. | A175288<br><br>(San Mateo County<br> Super. Ct. No. 22SF006693A) |

Pursuant to a negotiated plea agreement, Phillip Walker pleaded no contest to felony grand theft and admitted a strike conviction.  On this appeal, his appointed appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which she raises no issue and asks this court for an independent review of the record.  Counsel attests that she advised Walker of his right to file a supplemental brief, but Walker has not filed one.

Having examined the entire record in accordance with *Wende*, we agree with counsel that there are no arguable issues requiring further briefing and affirm.

**BACKGROUND**

According to the probation report, on May 16, 2022, while an employee at a Best Buy in San Carlos was assisting a customer in the computer section, Walker asked to purchase two MacBook Pro laptops.  When the

1

employee momentarily looked away, Walker aggressively grabbed the laptops. The employee attempted to maintain control of them, resulting in a broken and bleeding fingernail. Walker fled with the laptops and was seen running through the parking lot and entering a vehicle. The laptops were valued at $1,150 each. Walker was identified by law enforcement on surveillance footage. Record checks showed he was on probation for domestic violence and on parole for robbery. He was arrested by the Sacramento County Sheriff's Office on June 24, 2022, on the warrant for the San Carlos robbery.

Walker was charged by information filed on November 18, 2024, with one count of second degree robbery (Pen. Code, § 212.5, subd. (c)) (count 1) and one count of grand theft of real property (*id.,* § 487, subd. (a)) (count 2). The information alleged a prior serious and/or felony conviction (*id.,* §§ 667, subd. (d), 1170.12, subd. (b)), a 2019 second degree robbery.

On July 31, 2025, Walker entered a plea of no contest to count 2, grand theft, and admitted the prior conviction. The plea agreement specified a maximum possible sentence of 32 months, the low term of 16 months doubled due to the prior strike, with the court to consider a motion to dismiss the prior at sentencing (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*)). The People agreed to dismiss the remaining count, as well as the information in another case (20-NF-005711-A),[1] with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754). The court accepted Walker's plea, found him guilty of felony grand theft and found the prior strike allegation true.

Defense counsel filed a *Romero* motion and the People filed opposition. Defense counsel asked the court to dismiss the strike and grant probation,

---

[1] This case involved the theft of a laptop from a Best Buy in Colma on May 1, 2019.

urging that the offense he pleaded to, grand theft, is not a serious or violent offense, Walker was remorseful and he had been crime-free for the last three years; the People emphasized Walker's continued commission of robberies and thefts, undeterred by his prison term, parole status or arrests in several jurisdictions for the same offenses.

At the sentencing hearing on October 28, 2025, the court reviewed the factors identified in *Romero*, noting that at the time of the present offense, Walker was on probation for domestic violence and on parole after serving a prison sentence for a 2019 robbery, and following the present offense, he was convicted of grand theft in 2023 and sentenced to prison.[2] The court found sentencing Walker on the strike was "within the framework of the Three Strikes Law" and not unjust "in light of the fact that this prior robbery was suffered back in 2019, and the defendant, based on his young age, apparently did not learn from that experience of going to the California Department of Corrections and Rehabilitation."

Upon the court's announcement of its decision, Walker vociferously complained that he did not know he was being sentenced that day and the sentence was unfair, using profanity and suggesting the judge was racially biased. The court ordered Walker removed from the courtroom, finding he was unfit to remain. The court denied probation and sentenced Walker to a 32-month term.

Walker filed a timely notice of appeal on December 16, 2025.

---

[2] The probation report indicates this offense was committed on May 18, 2022.

3

## DISCUSSION

Pursuant to *Wende*, we are required "to conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous." (*Wende, supra,* 25 Cal.3d at p. 441; *Anders v. California* (1967) 386 U.S. 738.)

At the hearing on July 31, 2025, the court questioned Walker as to his understanding of the constitutional rights he was giving up in pleading no contest and consequences of the plea, and found he freely, knowingly and intelligently waived his rights. Walker did not request a certificate of probable cause; his notice of appeal specifies the appeal is based on the sentence or other matters occurring after the plea that do not affect its validity. He was sentenced in accordance with the plea agreement. The court considered Walker's *Romero* motion and declined to dismiss the prior conviction because, in light of his criminal history, he did not fall outside the spirit of the Three Strikes law. (*People v. Shaw* (2025) 18 Cal.5th 1089, 1098 [court must consider whether defendant " 'may be deemed outside the scheme's spirit' "].) The court's decision not to dismiss the prior conviction is subject to review under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) Given Walker's continued criminal conduct, the court did not abuse its discretion in declining to strike the prior conviction.

## DISPOSITION

The judgment is affirmed.

STEWART, P. J.

We concur.

MILLER, J.

DESAUTELS, J.

*People v. Walker* (A175288)